UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENDRICK E. DULDULAO,

        Plaintiff,

v.                            Case No. 8:10-cv-1178-T-33TBM

THE PERFECT CIGAR
INCORPORATED, and AMICHI,
INC.,

        Defendants.

_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff Kendrick E. Duldulao's Motion for Default Judgment as to Defendant The Perfect Cigar Incorporated, d/b/a La Herencia De Cuba, d/b/a La Herencia Cigar Bar (the "Motion" Doc. # 11), which was filed on August 13, 2010. In the Motion, Mr. Duldulao requests an order granting final default judgment in his favor and against Defendant The Perfect Cigar Incorporated, d/b/a La Herencia De Cuba, d/b/a La Herencia Cigar Bar ("The Perfect Cigar"). The relief sought in this Americans with Disability Act ("ADA") case is injunctive in nature.[1] (Doc. # 11 at 3-4). Mr. Duldulao also requests that

_____

[1] Although Mr. Duldulao requests that this Court require The Perfect Cigar to remedy the following by November 8, 2010, the Court instead requires the Perfect Cigar to remedy the following by January 6, 2011:

1

this Court retain jurisdiction relating to Mr. Duldulao's

forthcoming motion for attorney's fees and costs.  (Doc. # 11

at 4).  For the reasons that follow, the Court will grant the

Motion to the extent detailed herein.

I.   **Default**

Federal Rule of Civil Procedure 55(a) sets forth the

following regarding an entry of default:

---

"(i) Failure to provide a safe, accessible entrance to the
Subject Facility, due in part, to a step at said entrance in
violation of 28 C.F.R. Part 36.

(ii) The serving bar counter in the Subject Facility is higher
than 34 inches above the finish floor in violation of the
requirements of 28 C.F.R. Part 36, Section 5.2, which requires
a maximum height of the counter, or a 60 inch wide section of
it, to be 34 inches maximum height.

(iii) Failure to provide adequate directional and accurate
informational ADA compliant signage throughout the Subject
Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

(iv) Failure to provide signage addressing people with
disabilities telling them that accessible services are
provided as required by 28 C.F.R. Part 36, Section 4.30.4.

(v) Failure to provide an adequate number of accessible
handicap spaces at the Subject Facility that comply with the
requirements of 28 C.F.R. Part 36, Section 4.6.3, and are
located on the shortest route of travel from adjacent parking
to the Subject Facility as required by 28 C.F.R. Part 36,
Section 4.6.2.

(vi) Failure to provide one in every eight accessible spaces,
but not less than one, with an accessible 96 inch wide
minimum, with the designation of "van accessible" as required
by 28 C.F.R. Part 36, Section 4.6.4, and Section 4.1.2(5)(b)."

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**II.   Analysis**

On May 21, 2010, Mr. Duldulao filed a complaint against The Perfect Cigar and Amichi, Inc. for injunctive relief and attorney's fees and costs under the Americans with

Disabilities Act, 42 U.S.C. § 12181 (the "ADA"). (Doc. # 1). Mr. Duldulao only moves for default judgment as to The Perfect Cigar.

The Perfect Cigar was served with the complaint and summons on May 27, 2010, but failed to file responsive papers. (Doc. # 5). On July 23, 2010, Mr. Newsome filed a Motion for Entry of Clerk's Default. (Doc. # 8). Accordingly, the Clerk entered a default pursuant to Rule 55(a), Fed.R.Civ.P., against The Perfect Cigar on July 26, 2010. (Doc. # 9).

Based upon the Clerk's entry of default, the well-pleaded factual allegations contained in the complaint, and the Motion, the Court determines that the Motion is due to be granted. Mr. Duldulao is entitled to a judgment against The Perfect Cigar for the injunctive relief requested. The Court declines to retain jurisdiction. However, Mr. Duldulao shall have up to and including September 16, 2010 to file his motion for attorney's fees and costs.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1.  Mr. Duldulao's Motion for Default Judgment as to Defendant The Perfect Cigar Incorporated, d/b/a La Herencia De Cuba, d/b/a La Herencia Cigar Bar (Doc. # 11) is **GRANTED** as detailed herein.

2.   Mr. Duldulao is entitled to a judgment against The Perfect Cigar for the injunctive relief requested.

3.   The Perfect Cigar has up to and including January 6, 2011 to comply with the injunctive relief granted herein.

4.   The Court declines to retain jurisdiction.  However, Mr. Duldulao shall have up to and including September 16, 2010 to file his motion for attorney's fees and costs.

**DONE** and   **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of September, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record